I concur in the judgment of the principal opinion but not its rationale regarding the first assignment of error. R.C. 3109.27
requires each party "in a parenting proceeding" to provide under oath in the party's first pleading or in an affidavit attached to that pleading information including the places where the child has lived in the last five years, the name and present address of each person with whom the child has lived during that period and other pertinent facts regarding the custody of the child. To limit the term "parenting proceeding" to the initial complaint or pleading in a matter that is currently being heard under the court's continuing jurisdiction effectively emasculates the purpose of the statute. After an initial determination of parental rights, a subsequent motion to modify the original allocation is a "parenting proceeding" within the meaning of R.C.3109.22(C) because it involves a parenting determination. Clearly, it is subject to the same concerns over forum shopping that affect the initial determination. Thus, such a filing "is a jurisdictional requirement in any action for the allocation of parental rights and responsibilities, and is necessary toproperly invoke the continuing jurisdiction off the court in amodification proceeding." (Emphasis added.) 1 Sowald 
Morganstern, Domestic Relations Law (1997) 678, Section 16.2. Notwithstanding the fact that I concurred in Adkins v. Adkins
(May 15, 1991), Pickaway App. No. 89CA26, unreported, and Christyv. Christy (June 12, 1997), Highland App. No. 96CA902, unreported, regarding a party's failure to file the requisite affidavit, I would overturn these holdings to the extent that they are inconsistent with the treatise.
Nonetheless, the Ohio Supreme Court has refused to apply a mechanistic interpretation of R.C. 3109.27 as "such a result would not only contravene the clear intent of R.C. 3109.27 but could potentially render the custody statutes of this state a nullity." In re Palmer (1984), 12 Ohio St.3d 194. Here, Appellant McDonnell filed a custody affidavit on December 18, 1998 which provided the trial court with the information the court required. Furthermore, the trial judge noted on the record that he had previously spoken to a judge in Tarrant County, Texas, where Appellant McDonnell resides, regarding jurisdiction of this matter pursuant to the Uniform Child Custody Jurisdiction Act. Therefore, even though the appellee did not strictly comply with R.C. 3109.27(A), the purposes of the statute were satisfied. Thus, the trial court had jurisdiction to proceed.
Additionally, I disagree with the principal opinion's holding that Appellant McDonnell waived her right to contest the trial court's jurisdiction because she failed to raise the issue of the missing affidavit before the trial court. Adkins was based on the theory of estoppel, not waiver. While estoppel might apply to questions involving subject matter jurisdiction, waiver does not. See, In re Palmer, supra, at 196.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs with Attached Concurring Opinion.
For the Court
 BY: _________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.